# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ISRAEL MEZA,

        Plaintiff,

    v.

DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

_____/

CASE NO. 1:05-CV-01180-OWW-LJO-P

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

(Doc. 1)

ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE EXCESSIVE FORCE CLAIM

(Doc. 1)

I.    <u>Screening Order</u>

    A.    <u>Screening Requirement</u>

    Plaintiff Israel Meza ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 19, 2005.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Id</u>. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

B.    Summary of Plaintiff's Complaint

The events at issue in this action allegedly occurred at the California Correctional Institution (CCI) in Tehachapi, where plaintiff was housed at the time. Plaintiff names the Director of the California Department of Corrections and Rehabilitation, Warden W. J. Sullivan, Appeals Coordinator S. Whitlach, Sergeants Ortega and Mayo, Correctional Officers Avila, Barajas, and Bennett, and Doctors C. W. O'Brien, and R. Hall as defendants.

Plaintiff is seeking monetary, declaratory, and injunctive relief. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion,

1   exercised in the public interest." <u>Eccles v. Peoples Bank of Lakewood Village</u>, 333 U.S. 426, 431

2   (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying

3   and settling the legal relations in issue nor terminate the proceedings and afford relief from the

4   uncertainty and controversy faced by the parties." <u>United States v. Washington</u>, 759 F.2d 1353, 1357

5   (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of

6   plaintiff, that verdict will be a finding that plaintiff's constitutional rights were violated.

7   Accordingly, a declaration that defendants violated plaintiff's rights is unnecessary. Further, because

8   plaintiff is no longer housed at CCI, his claims for injunctive relief are moot. <u>Dilley v. Gunn</u>, 64

9   F.3d 1365, 1368 (9th Cir. 1995); <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991). Thus, this

10   action shall proceed as one for damages only.

11       In his complaint, plaintiff alleges that on September 23, 2004, he had an encounter with

12   defendant Avila in which Avila slammed his head to the wall, causing a red bruise. Subsequently,

13   on November 8, 2004, plaintiff alleges he was punched, kicked, thrown into the wall, choked, and

14   sprayed with pepper spray by defendants Avila, Barajas, and Bennett. Plaintiff's claims against

15   defendants in this action arise from their involvement in the beating or from their actions following

16   the beating of November 8, 2004, as set forth in the subsection that follows.

17       C.    <u>Plaintiff's Claims</u>

18           1.    <u>Eighth Amendment Excessive Force Claim</u>

19       "Whenever prison officials stand accused of using excessive physical force in violation of

20   the Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial inquiry is

21   . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously

22   and sadistically to cause harm." <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992) (citing <u>Whitley v.</u>

23   <u>Albers</u>, 475 U.S. 312, 320-21 (1986)). "In determining whether the use of force was wanton and

24   unnecessary, it may also be proper to evaluate the need for application of force, the relationship

25   between the need and the amount of force used, the threat 'reasonably perceived by the responsible

26   officials,' and 'any efforts made to temper the severity of a forceful response.'" <u>Hudson</u>, 503 U.S.

27   at 7. "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not

28   end it." <u>Id</u>.

1   Not "every malevolent touch by a prison guard gives rise to a federal cause of action. <u>Id</u>. at

2   9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's

3   chambers, violates a prisoner's constitutional rights." <u>Id</u>. (citing <u>Johnson v. Glick</u>, 481 F.2d 1028,

4   1033 (2nd Cir. 1973) (<u>cert</u>. <u>denied</u> <u>sub</u> <u>nom</u>. <u>Johnson</u>, 414 U.S. 1033 (1973)). "The Eighth

5   Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from

6   constitutional recognition <u>de</u> <u>minimis</u> uses of physical force, provided that the use of force is not of

7   a sort 'repugnant to the conscience of mankind.'" <u>Id</u>. at 9-10.

8   "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

9   Punishment Clause depends upon the claim at issue . . . ." <u>Id</u>. at 8. "The objective component of

10   an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of

11   decency." <u>Id</u>. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make

12   out a[n] [Eighth Amendment] conditions-of-confinement claim," and "deliberate indifference to

13   medical needs" violates the Eighth Amendment "only if those needs are 'serious.'" <u>Id</u>. at 9 (citation

14   omitted). With respect to these types of claims, "[b]ecause routine discomfort is part of the penalty

15   that criminal offenders pay for their offenses against society, only those deprivations denying the

16   minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth

17   Amendment violation." <u>Id</u>. at 9 (quotations and citations omitted). With respect to excessive force

18   claims, however, the malicious and sadistic use of force to cause harm *always* violates contemporary

19   standards of decency, regardless of whether or not significant injury is evident. <u>Id</u>. at 9; <u>see</u> <u>also</u>

20   <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard

21   examines <u>de</u> <u>minimis</u> uses of force, not <u>de</u> <u>minimis</u> injuries)).

22   Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983

23   against defendants Avila, Barajas, and Bennett stemming from their involvement in the beating on

24   November 8, 2004. However, to the extent that plaintiff is also attempting to pursue an excessive

25   force claim against Avila based on the incident that occurred on September 23, 2004, plaintiff fails

26   to state a claim. The allegation that defendant Avila slammed his head into the wall once, leaving

27   a bruise is insufficient to rise to the level of an Eighth Amendment violation.

28   ///

4

1                        2.      Eighth Amendment Medical Care Claim

2          Plaintiff alleges a claim for relief against defendants O'Brien, a staff physician, and Hall, the

3  Chief Dental Officer, for failing to provide prompt, proper medical care. In addition, plaintiff alleges

4  that after the beating, defendant Mayo was aware of his need for medical attention.

5          To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

6  conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452

7  U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an

8  Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

9  civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

10 indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett

11 v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in

12 a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

13 inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may

14 be manifested "when prison officials deny, delay or intentionally interfere with medical treatment,"

15 or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d

16 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133,

17 1136 (9th Cir. 1997) (en banc).

18         Plaintiff's allegations are insufficient to give rise to a claim for relief under section 1983 for

19 violation of the Eighth Amendment. Deliberate indifference is a high legal standard." Toguchi, 391

20 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from

21 which the inference could be drawn that a substantial risk of serious harm exists,' but that person

22 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official

23 should have been aware of the risk, but was not, then the official has not violated the Eighth

24 Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada,

25 290 F.3d 1175, 1188 (9th Cir. 2002)). Further, "[a] difference of opinion between a prisoner-patient

26 and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin

27 v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).

28 ///

                                                   5

1   A claim for relief under section 1983 must be based on a defendant's personal involvement

2   in the deprivation of rights.  In this instance, plaintiff has not alleged any facts that would support

3   a claim that O'Brien, Hall, or Ortega "[knew] of and disregard[ed] an excessive risk to [plaintiff's]

4   health . . . ."  <u>Farmer</u>, 511 U.S. at 837.  The conclusory allegation that defendant Ortega knew

5   plaintiff needed medical attention is insufficient to support a claim of deliberate indifference, and

6   plaintiff's claim against defendants O'Brien and Hall stems from their involvement in responding

7   to his inmate.  (Comp., p. 3-K; Exh. A, p. 12.)  The court has reviewed plaintiff's exhibits, and

8   defendants' response to plaintiff's appeal does not provide a basis upon which to impose liability

9   for acting with deliberate indifference to a serious medical need.

10                    3.    <u>Remaining Claims</u>

11   Turning to plaintiff's claims against the remaining defendants, the Civil Rights Act under

12   which this action was filed provides:

13          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the deprivation
14          of any rights, privileges, or immunities secured by the Constitution .
            . . shall be liable to the party injured in an action at law, suit in equity,
15          or other proper proceeding for redress.

16   42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the

17   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell</u>

18   <u>v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  The

19   Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,

20   within the meaning of section 1983, if he does an affirmative act, participates in another's

21   affirmative acts or omits to perform an act which he is legally required to do that causes the

22   deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  In

23   order to state a claim for relief under section 1983, plaintiff must link each named defendant with

24   some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

25   Further, under section 1983, liability may <u>not</u> be imposed on supervisory personnel for the

26   actions of their employees under a theory of <u>respondeat</u> <u>superior</u>.  When the named defendant holds

27   a supervisorial position, the causal link between the defendant and the claimed constitutional

28   violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979);

1  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state

2  a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts

3  indicating that the defendant either: personally participated in the alleged deprivation of

4  constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or

5  "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and

6  is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir.

7  1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although

8  federal pleading standards are broad, some facts must be alleged to support claims under section

9  1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

10  Plaintiff's claims stem from a beating that allegedly occurred on November 8, 2004, and

11  possibly from the failure to provide medical care.  These events occurred at CCI.  Plaintiff may not

12  attempt to impose liability on individuals who were not involved in the incidents on the basis that

13  they hold managerial positions and are responsible for overseeing the prison system or individual

14  prisons.  Liability based on actions of subordinates is precluded under section 1983, unless plaintiff

15  is able to allege facts demonstrating some personal involvement, as set forth in the preceding

16  paragraph.  Thus, plaintiff's attempt to impose liability on the Director and Warden Sullivan fails

17  as a matter of law.

18  Although plaintiff alleges that defendants Ortega and Mayo both concealed information after

19  the incident, the allegation does not support a claim for relief under section 1983.  Plaintiff has not

20  alleged any facts indicating that either defendant participated in the beating or knew it was occurring

21  but failed to prevent it.  Plaintiff must allege facts demonstrating defendants' involvement, via act

22  or omission, in the violation of a federal right.  Plaintiff has not done so.

23  Finally, with respect to defendant Whitlach, an appeals coordinator, the decision to screen

24  out plaintiff's inmate appeals as untimely does not provide a basis upon which to impose liability

25  under section 1983.  The inmate appeals process "does not confer any substantive right upon"

26  plaintiff and does not serve as a basis for the imposition of liability under section 1983.  Buckley v.

27  Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill.

28  1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in

7

1   processing of appeals because no entitlement to a specific grievance procedure); <u>Massey v. Helman</u>,

2   259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on

3   prisoner); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988).  Actions in reviewing prisoner's

4   administrative appeal cannot serve as the basis for liability under a § 1983 action. <u>Buckley</u>, 997 F.2d

5   at 495.

6          D.    <u>Motion for Appointment of Counsel</u>

7          In his complaint, plaintiff seeks the appointment of counsel.  The court cannot require an

8   attorney to represent plaintiff.  <u>Mallard v. United States District Court for the Southern District of</u>

9   <u>Iowa</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

10  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d

11  1015, 1017 (9th Cir. 1991).  Without a reasonable method of securing and compensating counsel,

12  this court will seek volunteer counsel only in the most serious and exceptional cases.  "A finding of

13  exceptional circumstances requires an evaluation of both 'the likelihood of success of the merits and

14  the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues

15  involved.'"  <u>Terrell</u>, 935 F.2d at 1017 (citations omitted).

16         In the present case, the court does not find the required exceptional circumstances.  Even if

17  it is assumed that plaintiff is not well versed in the law and that he has made serious allegations

18  which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with

19  similar cases almost daily.  At this early stage in the proceedings, the court cannot make a

20  determination that plaintiff is likely to succeed on the merits, and based on a review of the record

21  in this case, the court does not find that plaintiff cannot adequately articulate his claims.  <u>Terrell</u>, 935

22  F.2d at 1017.  Thus, plaintiff's motion for the appointment of counsel shall be denied, without

23  prejudice.

24         E.    <u>Conclusion</u>

25         The court finds that plaintiff's complaint states a cognizable claim for relief against

26  defendants Avila, Barajas, and Bennett for use of excessive physical force, in violation of the Eighth

27  Amendment, based on the events that occurred on November 8, 2004.  However, the court finds that

28  plaintiff's complaint does not state any other claims upon which relief may be granted under section

8

1983. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and wishes to proceed against defendants Avila, Barajas, and Bennett on his excessive force claim only, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims and defendants be dismissed from this action, and will forward plaintiff three summonses and three USM-285 forms to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendants Avila, Barajas, and Bennett.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's motion for the appointment of counsel, set forth in his complaint, is DENIED;

2.     The Clerk's Office shall send plaintiff a civil rights complaint form;

3.     Within **thirty (30) days** from the date of service of this order, plaintiff must either:

///

1         a.     File an amended complaint curing the deficiencies identified by the court in

2         this order, or

3         b.     Notify the court in writing that he does not wish to file an amended complaint

4         and wishes to proceed only against defendants Avila, Barajas, and Bennett on

5         his excessive force claim; and

6      4.     If plaintiff fails to comply with this order, this action will be dismissed for failure to

7         obey a court order.

8

9   IT IS SO ORDERED.

10   **Dated:    May 13, 2006**          _____/s/ Lawrence J. O'Neill_____
      b9ed48                                    UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28