UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL MEZA, | CASE NO. 1:05-CV-01180-OWW-LJO-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | (Docs. 1 and 10) |
| Defendants. | |

I.   Findings and Recommendations Following Screening of Complaint

  A.   Screening Requirement

Plaintiff Israel Meza ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 19, 2005. On May 15, 2006, the court issued an order finding that plaintiff's complaint contains a cognizable claim for relief against defendants Avila, Barajas, and Bennett for use of excessive physical force based on the events that occurred on November 8, 2004, but does not contain any other claims upon which relief may be granted. (Doc. 9.) The court ordered plaintiff to either file an amended complaint curing the deficiencies or notify the court of his willingness to proceed only on the cognizable claims set forth in his complaint. (Id.) On June 13, 2006, plaintiff filed a notice stating that he does not wish to amend and is willing to proceed only on the claims found to be cognizable by the court. (Doc. 10.) Accordingly, based on plaintiff's notice, this Findings and Recommendations now issues.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

///

///

2

B.   Summary of Plaintiff's Complaint

The events at issue in this action allegedly occurred at the California Correctional Institution (CCI) in Tehachapi, where plaintiff was housed at the time. Plaintiff names the Director of the California Department of Corrections and Rehabilitation, Warden W. J. Sullivan, Appeals Coordinator S. Whitlach, Sergeants Ortega and Mayo, Correctional Officers Avila, Barajas, and Bennett, and Doctors C. W. O'Brien, and R. Hall as defendants.

Plaintiff is seeking monetary, declaratory, and injunctive relief. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of plaintiff, that verdict will be a finding that plaintiff's constitutional rights were violated. Accordingly, a declaration that defendants violated plaintiff's rights is unnecessary. Further, because plaintiff is no longer housed at CCI, his claims for injunctive relief are moot. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Thus, this action shall proceed as one for damages only.

In his complaint, plaintiff alleges that on September 23, 2004, he had an encounter with defendant Avila in which Avila slammed his head to the wall, causing a red bruise. Subsequently, on November 8, 2004, plaintiff alleges he was punched, kicked, thrown into the wall, choked, and sprayed with pepper spray by defendants Avila, Barajas, and Bennett. Plaintiff's claims against defendants in this action arise from their involvement in the beating or from their actions following the beating of November 8, 2004, as set forth in the subsection that follows.

C.   Plaintiff's Claims

1.   Eighth Amendment Excessive Force Claim

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v.

3

McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against defendants Avila, Barajas, and Bennett stemming from their involvement in the beating on November 8, 2004. However, to the extent that plaintiff is also attempting to pursue an excessive force claim against Avila based on the incident that occurred on September 23, 2004, plaintiff fails to state a claim. The allegation that defendant Avila slammed his head into the wall once, leaving a bruise is insufficient to rise to the level of an Eighth Amendment violation.

///

///

2.     Eighth Amendment Medical Care Claim

Plaintiff alleges a claim for relief against defendants O'Brien, a staff physician, and Hall, the Chief Dental Officer, for failing to provide prompt, proper medical care. In addition, plaintiff alleges that after the beating, defendant Mayo was aware of his need for medical attention.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Plaintiff's allegations are insufficient to give rise to a claim for relief under section 1983 for violation of the Eighth Amendment. Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Further, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).

///

A claim for relief under section 1983 must be based on a defendant's personal involvement in the deprivation of rights. In this instance, plaintiff has not alleged any facts that would support a claim that O'Brien, Hall, or Ortega "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837. The conclusory allegation that defendant Ortega knew plaintiff needed medical attention is insufficient to support a claim of deliberate indifference, and plaintiff's claim against defendants O'Brien and Hall stems from their involvement in responding to his inmate appeal. (Comp., p. 3-K; Exh. A, p. 12.) The court has reviewed plaintiff's exhibits, and defendants' response to plaintiff's appeal does not provide a basis upon which to impose liability for acting with deliberate indifference to a serious medical need.

### 3. Remaining Claims

Turning to plaintiff's claims against the remaining defendants, the Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Further, under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

6

Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff's claims stem from a beating that allegedly occurred on November 8, 2004, and possibly from the failure to provide medical care. These events occurred at CCI. Plaintiff may not attempt to impose liability on individuals who were not involved in the incidents on the basis that they hold managerial positions and are responsible for overseeing the prison system or individual prisons. Liability based on actions of subordinates is precluded under section 1983, unless plaintiff is able to allege facts demonstrating some personal involvement, as set forth in the preceding paragraph. Thus, plaintiff's attempt to impose liability on the Director and Warden Sullivan fails as a matter of law.

Although plaintiff alleges that defendants Ortega and Mayo both concealed information after the incident, the allegation does not support a claim for relief under section 1983. Plaintiff has not alleged any facts indicating that either defendant participated in the beating or knew it was occurring but failed to prevent it. Plaintiff must allege facts demonstrating defendants' involvement, via act or omission, in the violation of a federal right. Plaintiff has not done so.

Finally, with respect to defendant Whitlach, an appeals coordinator, the decision to screen out plaintiff's inmate appeals as untimely does not provide a basis upon which to impose liability under section 1983. The inmate appeals process "does not confer any substantive right upon" plaintiff and does not serve as a basis for the imposition of liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in

processing of appeals because no entitlement to a specific grievance procedure); <u>Massey v. Helman</u>, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. <u>Buckley</u>, 997 F.2d at 495.

    D.    <u>Conclusion</u>

The court finds that plaintiff's complaint states a cognizable claim for relief against defendants Avila, Barajas, and Bennett for use of excessive physical force, in violation of the Eighth Amendment, based on the events that occurred on November 8, 2004. However, the court finds that plaintiff's complaint does not state any other claims upon which relief may be granted under section 1983. The court provided plaintiff with the opportunity to either file an amended complaint or proceed only on the cognizable claims in his original complaint. Plaintiff opted to proceed on the cognizable claim in his original complaint. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on plaintiff's complaint filed on September 19, 2005, against defendants Avila, Barajas, and Bennett for use of excessive physical force in violation of the Eighth Amendment, based on the events that occurred on November 8, 2004;

2. Plaintiff's Eighth Amendment medical care claim be dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Plaintiff's supervisory liability claim against defendants Director and Warden Scribner be dismissed for failure to state a claim upon which relief may be granted under section 1983;

4. Plaintiff's claim against defendants Ortega and Mayo for concealing information be dismissed for failure to state a claim upon which relief may be granted under section 1983;

5. Plaintiff's claim against defendant Whitlach based on her response to his inmate appeal be dismissed for failure to state a claim upon which relief may be granted under section 1983;

      6.      Plaintiff's claims for declaratory and injunctive relief be dismissed as moot; and

      7.      Defendants Director, Sullivan, Whitlach, Ortega, Mayo, O'Brien, and Hall be dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 16, 2006**                     /s/ Lawrence J. O'Neill
b9ed48                                         UNITED STATES MAGISTRATE JUDGE