# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL MEZA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　/ | CASE NO. 1:05-cv-01180-LJO-NEW (DLB) PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED, AND THIS ACTION BE DISMISSED FOR FAILURE TO EXHAUST<br><br>(Doc. 28) |

I.　　Findings and Recommendations Addressing Defendants' Motion to Dismiss

　　A.　　Procedural History

Plaintiff Israel Meza ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed September 19, 2005, against defendants Avila, Barajas, and Bennett ("defendants") for use of excessive physical force in violation of the Eighth Amendment, based on the events that occurred on November 8, 2004. On November 8, 2006, defendants filed a motion to dismiss for failure to exhaust. Fed. R. Civ. P. 12(b). Plaintiff filed an opposition on March 20, 2007, and defendants filed a reply on March 30, 2007.[1]

///

///

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on July 18, 2006.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 16.)

1

B. <u>Legal Standard</u>

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. <u>Jones v. Bock</u>, 127 S.Ct. 910, 918-19 (2007); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. <u>Jones</u>, 127 S.Ct. at 921; <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. <u>Wyatt</u>, 315 F.3d at 1119 (citing <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. <u>Wyatt</u>, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. <u>Id</u>.

C. <u>Discussion</u>

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. <u>Id</u>. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." <u>Id</u>. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. <u>Id</u>. at §§ 3084.5, 3084.6(c). In order to satisfy section

1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

Defendants argue that they are entitled to dismissal because plaintiff did not file an inmate appeal grieving his excessive force claim against them. In support of their motion, defendants submit evidence that although plaintiff filed other grievances on other issues, there is no record of a grievance concerning the alleged incident of November 8, 2004. (Doc. 29, Sampson Dec. ¶¶6, 7; Grannis Dec., ¶9.)

Defendants have met their burden as the party moving for dismissal. The burden therefore shifts to plaintiff to set forth evidence demonstrating that he exhausted the available administrative remedies.

In his complaint, plaintiff alleges that appeal log number CCI-7-04-02824 was partially granted at the first level of review, and that he was prevented from filing a complaint.[2] (Doc. 1, pg. 3.) In his unverified opposition, plaintiff argues that he turned in an inmate appeal form to a staff member on November 15, 2004, and was assured it would be processed. (Doc. 33, 1:22-26.) Plaintiff argues that he received no response and thereafter attempted to resubmit the appeal issue, but it was twice screened out, at which time exhaustion occurred. (Id., 2:1-13.)

"[Proper] exhaustion of administrative remedies is necessary," Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ," id. at 2386. The court is mindful that the failure to respond to a properly filed grievance may result in a finding that exhaustion occurred. Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); see also Brown v. Valoff, 422 F.3d 926, 943 n.18 (9th Cir. 2005). Here, however, plaintiff has not submitted any evidence demonstrating that he properly filed a timely

---

[2] Plaintiff's verified complaint constitutes an opposing affidavit. Moran v. Selig, 447 F.3d 948, 759-60 (9th Cir. 2006).

3

1  appeal of the events at issue in this action. Arguments or contentions set forth in a responding brief
2  do not constitute evidence. See Coverdell v. Dep't of Soc. & Health Servs., 834 F.2d 758, 762 (9th
3  Cir. 1987) (recitation of unsworn facts not evidence).

4      The bare allegation in the complaint that plaintiff was barred from filing a complaint is
5  insufficient to demonstrate compliance with the inmate appeals procedures. Appeal log number
6  CCI-7-04-02824, referenced by plaintiff in his complaint, grieved a medical care issues and sought
7  the services of a doctor and a chiropractor as relief. (Doc. 1, court record pg. 40.) That appeal,
8  which was partially granted at the first formal level of review, does not satisfy the exhaustion
9  requirement with respect to the excessive force claim in this action. Although plaintiff does submit
10 evidence that he submitted an appeal of the excessive force incident on February 21, 2005, that
11 appeal was screened out as untimely, Cal. Code Regs., tit. 15 § 3084.6(c), and an untimely appeal
12 does not satisfy the exhaustion requirement, Woodford, 126 S.Ct. at 2382.

13     D.    Conclusion

14     In conclusion, plaintiff has not submitted any evidence supporting his argument that he
15 timely filed an appeal of the events giving rise to the claim in this action and followed the proper
16 procedures in doing so. Therefore, the court HEREBY RECOMMENDS that defendants' motion
17 to dismiss for failure to exhaust, filed November 8, 2006, be GRANTED, and this action be
18 dismissed, without prejudice, based on plaintiff's failure to exhaust.

19     These Findings and Recommendations will be submitted to the United States District Judge
20 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
21 **days** after being served with these Findings and Recommendations, the parties may file written
22 objections with the court. The document should be captioned "Objections to Magistrate Judge's
23 Findings and Recommendations." The parties are advised that failure to file objections within the
24 ///
25 ///
26 ///
27 ///
28 ///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 23, 2007**         **/s/ Dennis L. Beck**
                           UNITED STATES MAGISTRATE JUDGE